SOLÁ *v.* CARREL ET AL..

APPLICATION for the writ of *mandamus.*

No. 134.—Decided October 27, 1910.

MANDAMUS—ELECTIONS—CHANGES IN THE LISTS OF CANDIDATES.—The writ of *mandamus* will not issue to compel the Secretary of Porto Rico to make changes in the lists of candidates after October 11, inasmuch as the law prohibits any addition to, or suppression in, the ticket after that date, which provision must be complied with, even if the candidate objected to should not be qualified to appear as such on the ticket.

ID.—CHALLENGE OF CANDIDATES.—Where a party believes that he is justified in challenging the validity of the nomination of any candidate he should do so before October 11 so as to afford an opportunity to the party presenting such candidate to make another nomination in case the elimination of the former should be required.

The facts are stated in the opinion.

MR. JUSTICE DEL TORO delivered the opinion of the court.

José Domingo Solá, candidate for the office of *alcalde* of the city of Caguas on the ticket of the "Lopiztas de la Unión" in the coming general elections to be held November 8, 1910, filed in this court an application for the writ of *mandamus* against each and every one of the defendants, M. Drew Carrel, Secretary of Porto Rico; Carlos M. Soler, president of the Junta Central of the Unionist Patry of Porto Rico; and Gervasio García Díaz, requiring them to eliminate from the ticket of the Unionist Party the name of the defendant, García, thereon appearing as the candidate of that party for mayor of the city of Caguas.

As grounds for the application, petitioner alleges that García's nomination was not made in the manner prescribed by law, because the candidate, who had been duly nominated, having resigned, the designation of García to substitute him was made by the local committee of the Unionist Party in Caguas, which, under the rules of the party, was without authority to take such action, and was not authorized by any convention to nominate a new candidate.

By order of this court a hearing was had on October 24, 1910, and petitioner and the defendants, Carrel and Soler, appeared through counsel, and made such oral arguments as they deemed proper, and subsequently filed briefs in support of their respective claims. The defendant, García, did not appear.

Disregarding questions of form in the decision of which probably it would be proper to deny the application, we shall consider and decide the fundamental question because we think that the ends of justice in this case will be more fully satisfied.

The law which is especially applicable to the questions here involved is contained in sections 36, 37 and 39 of the Election Law of March 8, 1906 (Laws of Porto Rico, pp. 44 and 45), as amended and extended by the Act of March 12, 1908, to amend the Election Law, etc. (Laws of Porto Rico, 1908, pp. 87 and 88.)

The law permits candidates to resign or to refuse to accept office, and fixes the regulations therefor. In such cases, and in case of the death or removal of a candidate, the law also permits the vacancy to be filled prior to the 11th of October. And the law further provides (sec. 39) that ''on October 11 the Secretary of Porto Rico shall certify to the Executive Council the names of all candidates filed in his office, with the offices for which they are nominated, and no name shall be added to or taken from the certified list for any cause whatsoever. Should it appear (sec. 39a) subsequently to 12 o'clock noon on October 11 that a duly nominated candidate

is ineligible to serve the office for which he is nominated, or should become disqualified through any provision of this act, or should he die, his name shall remain on the ticket of his party, and if he receive the highest number of votes for that office, then the office shall be considered as vacant and the vacancy shall be filled as provided by law."

In consideration of statutes regulating elections, it is important to keep in mind two recognized principles: (1) The legislative will is the supreme law under the Constitution and the legislature may prescribe the forms to be observed in the conduct of elections and provide that such method shall be exclusive of all others; (2) "Since the first consideration of a State is to give effect to the expressed will of the majority, it is directly interested in having the voter cast a ballot in accordance with the dictates of his individual judgment." (15 Cyc., 317.)

The Legislature of Porto Rico has provided that after October 11 no addition shall be made to the list of candidates certified by the Secretary and sent to the Executive Council, and that no name shall be eliminated therefrom for any purpose whatsoever; and this provision, which is a clear expression of the legislative will, must be strictly complied with, and prevents the issuance of the writ of *mandamus* herein sought, even though it were concluded that the defendant, García, should not appear on the list as a candidate.

Furthermore, if the writ of *mandamus* were granted and the name of the candidate of the Unionist Party for the office of *alcalde* of the city of Caguas should be eliminated from the list in accordance therewith, the election of the petitioner would be an assured fact although he might secure only a small number of votes. He alone, as is shown by the record, would remain as a candidate for the office, and one hundred votes might defeat thousands of votes, which is entirely contrary to the spirit of the law, the object of which is to enable the electors freely to cast their votes so that the candidate who is the choice of the majority may be elected. So that,

even in case the writ of *mandamus* would issue and the means were at hand to compel compliance therewith, we should be bound to deny the application in the exercise of a sound discretion.

If the petitioner had a right to attack the nomination of García, he should have done so before October 11 when, if he had been successful, the Unionist Party of Porto Rico would have had an opportunity to select a new candidate. It is now too late and would be contrary to the rudimentary principles of justice to permit the petitioner to take advantage of his own delay.

At the present time no obstacles must be placed in the way of carrying out the elections. The election lists have been completed and the lists of candidates have been certified and the Executive Council must proceed to cause the official election ballots to be printed and sent out in due time to the election booths so that the whole election force in Porto Rico may act without difficulty in carrying out the elections in one day, and so that the electors may freely express their will.

The application must be denied.

*Application denied.*

Justices MacLeary and Wolf concurred.

Chief Justice Hernández and Justice Figueras did not sit at the hearing of this case.